STATE OF HAWAI'I, Plaintiff-Appellee,
v.
SYDNEY NOBUTO TOKUNAGA, Defendant-Appellant.
No. 29442
Intermediate Court of Appeals of Hawaii.
October 19, 2009.
Walter J. Rodby, for Defendant-Appellant.
Loren J. Thomas, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, FUJISE and LEONARD, JJ.
Defendant-Appellant Sydney Nobuto Tokunaga (Tokunaga) appeals the Amended Judgment, entered on March 24, 2009, in the Circuit Court of the First Circuit (circuit court).[1]
Tokunaga was convicted of Abuse of Family and Household Members, in violation of Hawaii Revised Statutes (HRS) §§ 709-906(1) and (7) (Supp. 2008) and Violation of Order for Protection, in violation of HRS §§ 586-5.5 (Supp. 2008) and 586-11 (2006).[2] Tokunaga was sentenced to five years of incarceration for the abuse offense and one year of incarceration for the violation for protective order offense. These terms were ordered to be served concurrently with each other and the sentence imposed in Cr. No. 06-1-2216 but consecutively to any other sentence that may have been imposed.
On appeal, Tokunaga contends (1) there was insufficient evidence to convict him of Abuse of Family and Household Members, (2) there was insufficient evidence to convict him of Violation of Order for Protection, and (3) his consecutive sentence is illegal under Apprendi v. New Jersey, 530 U.S. 466 (2000) and its progeny as well as State v. Maugaotega, 115 Hawai'i 432, 168 P. 3d 562 (2007).
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Tokunaga's points of error as follows:
(1) As the evidence adduced in the trial court must be considered in the strongest light for the prosecution, there was substantial evidence to support Tokunaga's conviction for Abuse of Family and Household Members.[3] State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998). The complaining witness testified that Tokunaga used to live with her. She also testified that Tokunaga became angry when she refused to let him stay at her apartment and began to hit and kick her in the head multiple times. A roommate also testified that he saw Tokunaga hitting and kicking the complaining witness in the head "like kicking a soccer ball" with force. Tokunaga claimed that he pushed the complaining witness in self-defense after the complaining witness became upset. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999) (internal quotation marks, citations, and brackets omitted; block quote format changed).
(2) When considering the evidence adduced before the trial court in the strongest light for the prosecution, there was substantial evidence to convict Tokunaga of Violation of Order for Protection.[4] State v. Richie, 88 Hawai'i at 33, 960 P.2d at 1241.
The Order for Protection states that Tokunaga is "prohibited from threatening or physically abusing the [complaining witness] or anyone living with the [complaining witness].... Defendant is prohibited from contacting the Plaintiff." The Order for Protection expires on January 5, 2011.
Tokunaga admitted that he was served with a copy of the Order for Protection on January 5, 2006. Tokunaga admitted that he went to the complaining witness's apartment on July 15, 2006 at around 4:30 a.m. and woke her up while she was sleeping. The complaining witness testified that once inside the apartment, Tokunaga hit and kicked her. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Mattiello, 90 Hawai'i at 259, 978 P.2d at 697 (internal quotation marks, citations, and brackets omitted; block quote format changed). Therefore, the evidence supports the jury's determination that Tokunaga knowingly or intentionally violated the Order for Protection.
(3) Tokunaga's claim that his consecutive sentence is improper under Apprendi v. New Jersey is without merit. Imposition of a consecutive sentence does not require any findings of fact by the jury. Oregon v. Ice, ___ U.S. ___, 129 S. Ct. 711, 714-15, 172 L. Ed. 2d 517 (2009) (Apprendi does not apply to consecutive sentencing). The Hawai'i Supreme Court has held that the imposition of consecutive sentences does not require a jury to make findings of fact. State v. Kahapea, 111 Hawai'i 267, 279-80, 141 P.3d 440, 452-53 (2006).
Therefore,
IT IS HEREBY ORDERED that the March 24, 2009 Amended Judgment of the Circuit Court of the First Circuit is affirmed.
NOTES
[1] The Honorable Richard K. Perkins presided.
[2] Tokunaga was also acquitted of a burglary charge.
[3] HRS § 709-906 (1) (a) states now, as it did at the time of this offense:

§ 709-906 Abuse of family or household members; penalty. (1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member or to refuse compliance with the lawful order of a police officer under subsection (4). The police, in investigating any complaint of abuse of a family or household member, upon request, may transport the abused person to a hospital or safe shelter.
For the purposes of this section, "family or household member" means spouses or reciprocal beneficiaries, former spouses or reciprocal beneficiaries, persons who have a child in common, parents, children, persons related by consanguinity, and persons jointly residing or formerly residing in the same dwelling unit.
. . . .
(7) For a third or any subsequent offense that occurs within two years of a second or subsequent conviction, the offense shall be a class C felony.
[4] HRS § 586-11 now states in pertinent part as it did at the time of this offense:

§ 586-11 Violation of an order for protection. (a) Whenever an order for protection is granted pursuant to this chapter, a respondent or person to be restrained who knowingly or intentionally violates the order for protection is guilty of a misdemeanor.